[Civ. No. 3718. Second Appellate District, Division One.—December 28, 1923.]

RANDOLPH MARKETING COMPANY (a Corporation), Appellant, v. H. L. WOOD et al., Respondents.

[1] Contracts—Sale of Grapes of Particular Variety—Shipment of Mixed Varieties—Value—Evidence.—In an action for damages for breach of contract in the sale of grapes of a particular variety, the breach being that other varieties of grapes were mixed with the variety contracted for, defendants' motion for a nonsuit is properly granted where the evidence fails to show the value of the grapes shipped or that they were of a less value than the grapes ordered and paid for by plaintiff.

[2] Id.—Proceeds from Grapes Shipped—Damage—Evidence.—In such an action, it is not error to sustain defendants' objection to plaintiff's offer to prove the actual amount received by it for the grapes at their destination, under the claim that the measure of its damage was the difference between what it paid for the grapes and what, in the exercise of its best skill in reducing the damage as much as possible, it was enabled to realize from the sale of the grapes at their destination.

[3] Id.—Values—Measure of Damages.—In such an action, the measure of damages is covered by the provisions of section 3313 of the Civil Code; and under that section the plaintiff would be entitled to recover the excess, if any, of the value of the grapes contracted for at the time of their purchase over the actual value of the grapes delivered.

APPEAL from a judgment of the Superior Court of Los Angeles County. J. P. Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

John H. Miller for Appellant.

No appearance for Respondents.

CURTIS, J.—Action to recover damages for breach of contract in the sale of four carloads of Zinfandel grapes.

2. Price at which goods are resold as affecting measure of damage for breach of warranty as to quality, note, 5 L. R. A. (N. S.) 1151.

The grapes were purchased by the plaintiff from the defendant Wood through defendant Ely as a broker acting for Wood. The purchase price was forty-five dollars per ton, which was paid at the time the cars were loaded by Wood at stations near Modesto, in Stanislaus County. Two cars were consigned to Walla Walla, Washington; one to Portland, Oregon, and one to El Paso, Texas. On the arrival of the grapes at their respective destinations the four cars were found not to contain Zinfandel grapes only, but each car contained a mixed variety of grapes, principally Tokay, Mission, and Zinfandel varieties. The consignees refused to accept the grapes, for the reason that they contained varieties other than Zinfandel. There was no evidence of the amount of each variety of grapes shipped in any one car, nor was there any evidence of the amount of each variety of grapes shipped as a whole in the four cars. The only evidence of the value of the grapes shipped was that given by the defendant Ely. He stated that Mission grapes were worth five dollars per ton more than Zinfandel and that other varieties were worth from five to fifteen dollars per ton less than Zinfandels, but that it would be impossible to say what a mixed car, that is, a car containing a number of varieties of grapes, was worth, without knowing what percentage of the different varieties were in the car. In answer to a question as to what he would give for such a car of grapes, the witness testified, "Probably thirty dollars a ton, maybe more. I would have sized it up. If I thought it contained sixty or seventy per cent of Missions in there, I would have probably given the full price for it." At the close of plaintiff's testimony, upon the motion of defendants, the court granted a nonsuit. This motion was granted on the ground that there was no evidence of any damage having been sustained on behalf of plaintiff, for the reason that the evidence failed to show the value of the grapes shipped, or that the grapes actually shipped were of any less value than the grapes ordered and paid for by plaintiff.

We are not favored with any brief or points and authorities on behalf of respondents. [1] Appellant contended that the evidence shows that the grapes as loaded in the cars at the points of shipment were worth only thirty dollars per ton, and that as it paid forty-five dollars per ton for the grapes, its damage would be the difference between

the amount paid and the value of the grapes delivered, or fifteen dollars per ton. This would undoubtedly be true, if there was any evidence that the value of the mixed cars was only thirty dollars per ton. It will be noted that the witness Ely in the first place stated that it would be impossible to state the value of a mixed car of grapes without knowing the percentage of the different varieties of grapes in the car. It is true he stated that he would probably give thirty dollars or more per ton for such a car of grapes, but what a person might give for an article is no evidence of its value. He might, for reasons good and sufficient to himself, be willing to pay a price far in excess of its actual value. On the other hand, he might have but little or no use for the article and be unwilling to pay even a fraction of its real value. It would be an extremely unsafe rule that would permit the value of property to be so established. Furthermore, the testimony of the witness, even if competent to prove the value of the grapes, was so indefinite and uncertain as to render it worthless as evidence in the case. He testified that he probably would give thirty dollars per ton, and maybe more, for a mixed car of grapes without knowing the amount of each variety of grapes in the car. How much more he does not state. He does say, however, if he thought there was a large percentage of Mission grapes in the car he would give the full price for it. It is apparent that testimony of this character would not support any finding which the court might make relative to the value of the grapes sold. As we have before noted, this was the only testimony before the court upon this issue of the case. The trial court, therefore, rightly granted defendant's motion for a nonsuit.

[2] Plaintiff offered to prove at the trial the actual amount received by it for the grapes at their respective destinations, under the claim that the measure of its damage was the difference between what it paid for the grapes and what, in the exercise of its best skill in reducing the damage as much as possible, it was enabled to realize from the sale of the grapes at their destinations. Defendants objected to such proof and their objection was sustained by the court. There was no error in the court's ruling. The measure of damages in cases of this character is fixed by section 3313 of the Civil Code.

There was evidence tending to show that the plaintiff had contracted to sell the grapes, ordered from the defendants, for fifty dollars per ton. Plaintiff contends that in view of this evidence it was entitled to recover in this action at least the difference between that price and the purchase price of said grapes, which would be five dollars per ton. In support of this last contention plaintiff has called our attention to a citation found in 24 Am. & Eng. Ency. of Law (2d ed.), page 1156, and to a number of cases there referred to in support of the text. These authorities are all from jurisdictions other than our own. [3] As before stated, in our opinion the measure of damages in this case is covered by the provisions of section 3313 of the Civil Code of this state. By this section plaintiff would be entitled to recover the excess, if any, of the value of Zinfandel grapes at the time of their purchase over the actual value of the grapes delivered. Plaintiff, therefore, would not be limited to the purchase price of forty-five dollars per ton paid for the grapes, but, in fixing the amount of its damage, would be entitled to show the market value of the grapes agreed to be purchased. This market value might be fifty dollars per ton, or any other amount which the evidence might establish. In this case there is testimony tending to show that the value of Zinfandel grapes at the time these grapes were ordered was at least fifty dollars per ton, but plaintiff can recover only the excess of such value over the actual value of the grapes delivered. As we have already shown, we believe, plaintiff failed to establish the actual value of the grapes delivered, and as a result of such failure it has not shown that it sustained any damage whatever.

Judgment affirmed.

Conrey, P. J., and Houser, J., concurred.